UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEONARDO RODRIQUEZ GERMAN                CIVIL ACTION

VERSUS                                    NUMBER: 10-1577

DETECTIVE PATRICK A. HARVEY, ET AL.       SECTION: "N"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Leonardo Rodriquez German, against the following defendants: Plaquemines Parish Sheriff's Office, Detectives Patrick A. Harvey and Brett Rick; Plaquemines Parish District Attorney Charles J. Ballay and Plaquemines Parish Assistant District Attorney Joseph E. Roberts; Plaquemines Parish Public Defender's Office, its Director, Peter Barbee, along with Public Defender Edward McGowan who was designated as plaintiff's "attorney of record". (Rec. doc. 1, pp. 1, 4, 5, 8, 9).

Plaintiff is presently an inmate incarcerated in Orleans Parish Prison. The instant complaint, however, concerns his arrest in Plaquemines Parish and subsequent interrogation and prosecution.

Plaintiff states that he was arrested in Plaquemines Parish on

April 27, 2009, at 3:24 a.m.  On that same date, at 10:21 a.m., plaintiff was interrogated by defendants, Plaquemines Parish Sheriff Detectives Patrick Harvey and Brett Rick.  Plaintiff complains that defendants' interrogation of him was unlawful because he was not provided with an interpreter despite his requests for one due to his poor understanding of the English language.[1]  According to plaintiff, the detectives, in response to his request for an interpreter, stated that they were only going to ask him a few questions and he did not need an interpreter.

Next, plaintiff complains about the fact that he was prosecuted as a result of the information obtained from the above-described interrogation.  Plaintiff complains that Plaquemines Parish District Attorney Charles Ballay and Plaquemines Parish Assistant District Attorney Joseph Roberts allowed the information obtained by Detectives Harvey and Rick to be used against him before a grand jury even though they should have known, based upon his "broken English" in the taped interrogation, that he "needed a translator" and that he was "impaired" as a result of his "drinking" on the night before the interrogation.

Finally, plaintiff complains that his requests for an interpreter went unheeded by the public defender, Edward McGowan,

---

[1] Plaintiff states that he "was born and raised in a Spanish Country" and he does not speak English "very well".

appointed to represent him, along with the public defender director, Peter Barbee. Plaintiff states that the very first time he met with his attorney, Edward McGowan, he asked him for an interpreter and McGowan informed that they "would get around to that later". However, several court appearances later, plaintiff still was not provided with an interpreter despite the fact, based upon their inability to effectively communicate with each other, that McGowan "was very much aware that I was in need of a translator". Plaintiff, in relief, seeks for the above-described "enjustice [sic] to be corrected" and seeks compensation in the amount of $10 million.

**ANALYSIS**

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless of whether it has also been filed in forma pauperis. 28 U.S.C. §1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. §1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28

3

U.S.C. §1915(d), now incorporated in 28 U.S.C. §1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. §1915(e)(2).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. §1915(e) as frivolous because it lacks an arguable basis in

law under the broadest reading.[2]  In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has brought the claims in the wrong proceeding and has not exhausted his state court remedies.

II. SECTION 1983 CLAIMS

   A. IMPROPER DEFENDANTS

Plaintiff has named the Plaquemines Parish Sheriff's Office as a defendant in this matter.  However, the sheriff's office is not a legal entity or person capable of being sued.  Cozzo v. Tangipahoa Parish Council-President Gov't, 279 F.3d 273, 283 (5th Cir. 2002) (citing Ferguson v. Stephens, 623 So. 2d 711, 714 (La. App. 4th Cir. 1993)); Brown v. Richland Det. Ctr., No. 06-0279, 2006 WL 1675413, *4 (W.D. La. May 4, 2006); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).  The State of Louisiana grants no such legal status to any parish sheriff's office. Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dep't, 350 So. 2d 236 (La. App. 3d Cir. 1977).  The sheriff's department is not a "person" for purposes of Section 1983 liability.  Calhoun v. Sanderson, No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003); Creppel v. Miller, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993).

---

[2] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620.

Under these circumstances, all claims against the Plaquemines Parish Sheriff's Department must be dismissed as legally frivolous.

Plaintiff has also named as a defendant the Plaquemines Parish Public Defender's Office. However, a public defender's office is not considered to be a person capable of being sued under 42 U.S.C. §1983. <u>Zapata v. Public Defenders Office</u>, 252 Fed. Appx. 237, 240, 2007 WL 3104864, *2 (10th Cir. 2007) (New Mexico public defender's office is not a "person" amenable to suit under Section 1983); <u>Johnson v. Georgia</u>, No. 7:07-CV-119, 2007 WL 2594177, *2 (M.D. Ga. Sept. 5, 2007) (same as to public defender's office in Georgia).

Accordingly, all claims urged by plaintiff against the Plaquemines Parish Public Defender's Office are frivolous because they lack an arguable basis in law and fail to state a claim upon which relief can be granted.

Plaintiff has also sued public defenders Peter Barbee and Edward McGowan. The claims against these defendants likewise fail.

For plaintiff's claims against Barbee and McGowan to be cognizable pursuant to 42 U.S.C. §1983, they must have acted under color of state law. <u>See, e.g.</u>, <u>Bass v. Parkwood Hospital</u>, 180 F.3d 234, 241 (5th Cir. 1999) ("To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States and, (2) that the deprivation was caused by a person

or persons acting under color of state law." (quotation marks omitted). However, it is clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, plaintiff has failed to state a cognizable claim against Barbee and McGowan.

Plaintiff has named as defendants Plaquemines Parish District Attorney Charles Ballay and Plaquemines Parish Assistant District Attorney Joseph Roberts. As to any claims against Ballay and Roberts in their individual capacities, those claims are barred by their absolute prosecutorial immunity. Prosecutorial immunity protects Ballay and Roberts against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Because plaintiff's claims against Ballay and Roberts in their individual capacities relate to their

7

actions taken in prosecuting criminal charges, they are protected by absolute immunity.

To the extent that plaintiff may have intended to name Ballay and Roberts in their official capacities, those claims likewise fail. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under §1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. §1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, *5-6 (E.D. La. Aug. 17, 2009). The Fifth Circuit has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997)(quotation marks, brackets and citations omitted); McCloud, 2009 WL 2515609 at *6. Moreover, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.

8

2d 237, 245 (5th Cir. 1993); McCloud, 2009 WL 2515609 at *6. Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003). Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609 at *6. Because plaintiff does not allege that he suffered constitutional violations resulting from an identified official policy or custom of the Plaquemines Parish District Attorney's Office, no official-capacity claims against Ballay and Roberts have been stated.

B. PRESCRIPTION

Although 42 U.S.C. §1983 has no statute of limitations, the Louisiana prescription statute is applicable to lawsuits filed in federal court pursuant to §1983. See Washington v. Breaux, 782 F.2d 553, 554 n. 1 (5th Cir. 1986), citing Wilson v. Garcia, 471 U.S. 261 (1985); see also United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998) ("The Supreme Court in Wilson v. Garcia [ ] concluded, as a matter of statutory construction, that the most appropriate limitations period for all suits brought under 42 U.S.C. §1983 was the general period that would be applicable to a personal injury suit in the particular state where the section 1983 case had been brought." (citations omitted)). For personal injury claims, Louisiana law provides for a one year prescriptive period

9

from the date of the injury or damage. See La. Civ. Code art. 3492 (West 2010); see also Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

Plaintiff's §1983 claims against Plaquemines Parish Sheriff Detectives Harvey and Rick are based upon their alleged illegal interrogation of plaintiff on April 27, 2009. The earliest this court could construe plaintiff to have filed the instant complaint is May 23, 2010, the date he signed his complaint. See Cooper v. Brookshire, 70 F. 3d 377, 379 (5th Cir. 1995), citing Houston v. Lack, 487 U.S. 266 (1988). Thus, claims against Detectives Harvey and Rick arising from their April 27, 2009 interrogation of plaintiff have prescribed. Alternatively, plaintiff's §1983 claims against these defendants are subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

C. HECK APPLICATION TO SECTION 1983 CLAIMS

In Heck, 512 U.S. at 477, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

> sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted).

Plaintiff's claims are clearly connected to the validity of his present confinement. Plaintiff complains that prosecutors chose to press charges against him based upon statements he provided to detectives in an unlawful interrogation that took place without an interpreter despite the fact that he does not properly comprehend English. Because he is attacking the validity of his prosecution and confinement, his claims are barred by <u>Heck</u>.

The confinement which plaintiff challenges in this case has not been set aside in any of the ways described in <u>Heck</u>. Thus, any claims for relief that he asserts, attacking his continued confinement, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th

Cir. 1996).

III. <u>HABEAS CORPUS CLAIMS</u>

As noted above, plaintiff's complaint in part challenges the very fact and duration of his confinement in connection with his prosecution. Although his suit is styled as a civil rights action under 42 U.S.C. §1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his confinement. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 500 (1973); <u>Clarke v. Stalder</u>, 121 F.3d 222, 226 (5th Cir.), <u>reh'g en banc granted & opin. vacated</u>, 133 F.3d 940 (5th Cir. 1997), <u>rev'd in part on other grounds & opin. reinstated in relevant part</u>, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); <u>Caldwell v. Line</u>, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although plaintiff filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his confinement. <u>Clarke</u>, 121 F.3d at 226; <u>Hernandez v. Spencer</u>, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. §2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, plaintiff does not allege and there is no proof that he has exhausted his state court remedies in connection with his present confinement. On the contrary, on the first page

13

of his complaint, plaintiff indicates that he has not begun any other civil lawsuits in state or federal court dealing with the same facts involved in this action. (Rec. doc. 1, p.1.). Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that plaintiff has not sought review in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his state confinement, before returning to this court with a properly filed habeas corpus petition.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. §1915(e)(2), or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in this Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 29th day of July, 2010.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE